**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-509-JBC**

**JIMMY D. HOUNSHELL,**                                                                    **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1) (R. 33).  The court, having reviewed the record and being duly advised, will grant the motion.

**I. Procedural History**

The court adopted the Report and Recommendation of the Magistrate Judge (R. 11) and ordered that the case be remanded for further administrative proceedings (R. 12).  Following the court's remand, a fully favorable decision was entered on the plaintiff's behalf by the Administrative Law Judge ("ALJ").  The plaintiff then filed a revised[1] motion for attorney fees, costs, and expenses (R. 22).  The court awarded EAJA attorney fees in the amount of $4,900, plus costs of $173.88, plus expenses of $85.41 (R. 32).  Counsel for the plaintiff now moves

---

[1] The plaintiff filed his first motion for attorney fees, costs, and expenses on August 22, 2005 (R. 13).  Because the court had not yet entered judgment, it issued an order denying this motion as premature on October 25, 2005 (R. 17).  The plaintiff then moved for entry of judgment on October 28, 2005 (R. 18).  On December 9, 2005, the court entered an order granting this motion (R. 19) and entered judgment in favor of the plaintiff (R. 20).

for attorney fees pursuant to 42 U.S.C. § 406(b)(1) for legal services provided to

Mr. Hounshell from October 4, 2004, to present.

**II. Analysis**

Under 42 U.S.C. § 406(b), when a "court renders a judgment favorable to a

claimant who was represented before the court by an attorney, the court may

determine and allow as part of its judgment a reasonable fee for such

representation, not in excess of 25 percent of the total past-due benefits to which

the claimant is entitled by reason of such judgment."  Because of this Court's

remand, the Commissioner issued a favorable decision, entitling the plaintiff to

past-due benefits.  "[Section] 406(b) calls for court review of [contingency fee]

arrangements as an independent check, to assure that they yield reasonable results

in particular cases."  *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

In reviewing a contingent fee agreement, a court should first look to the

terms of the agreement and confirm that the fee requested is within the guidelines

provided by the statute, then test it for reasonableness.  *Id.* at 808.  When the

amount requested is within the twenty-five-percent cap, the attorney for the

successful claimant must show that the fee sought is reasonable for the services

rendered, and "[i]f the benefits are large in comparison to the amount of time spent

by counsel in the case, a downward adjustment may be in order."  *Id.*; *see also*

*Crawford v. Astrue*, 545 F.3d. 854 (9th Cir. 2008).

Deductions are permissible under only two circumstances: "(1) those

2

occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes v. Sec'y of Health and Human Services,* 923 F.2d 418, 420-421 (6th Cir. 1990).

The motion requests an attorney fee of twenty-five percent of the plaintiff's past-due benefits.  In its response, the Commissioner states that the total past-due benefit amount is $58,037.00, and that twenty-five percent of that amount would total an attorney fee of $14,509.25.  The Commissioner attached the "Notice of Award" to his response, which states that the claimant's past-due benefits are $58,037.00 for July 2003 through November 2006." *See* Notice of Award, at 3, attached to R. 34.  The plaintiff's reply states, and counsel asserts that he was verbally informed by the SSA, that the correct total past-due benefits awarded in this case is $61,085.50, including the $55,785.50 paid to the plaintiff, and $5,300 that was withheld in attorney fees.  However, the notice states that the $55,785.50 paid to the plaintiff included money the claimant was due through February 2007 – benefits in addition to the "past-due benefits" awarded in this action.  Thus, the court will award counsel twenty-five percent of the total past-due benefits, which is $14,509.25, or 25% of $58,037.00.

Here, the amount requested is within the twenty-five-percent parameter set by section 406(b).  Additionally, the Commissioner does not object to the amount requested by the plaintiff's attorney.  An hourly rate that is twice the attorney's

standard rate is *per se* reasonable where the contract is made contingent on the client's ultimate success.[2]   *Hayes*, 923 F.2d at 422.  The Court finds that the hourly rate sought by the plaintiff's attorney is reasonable.

The plaintiff's counsel must refund to the plaintiff the smaller of the EAJA fee or the §406 fee.  *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).  Thus, counsel must refund the EAJA fee to Hounshell.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for attorney fees, pursuant to 42 U.S.C. § 406(b)(1), is **GRANTED**, and $14,509.25 will be paid to plaintiff's counsel.

**IT IS FURTHER ORDERED** that plaintiff's counsel will return to Jimmy Hounshell the $4,900 received in EAJA fees.

Signed on  January 15, 2009



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[2] Counsel for the plaintiff expended 85.5 hours representing Mr. Hounshell in this action.

4